### LLORENTE vs. GAITRIE.

The obligor in a penal obligation, must be put in delay, in one of the modes prescribed by the code, before the penalty can be exacted.

APPEAL from the court of the third district.

PORTER, J. delivered the opinion of the court. The plaintiff agreed to sell to the de-

Eastern Dis.
April, 1828.

LLORENTE
vs.
GAITRIE.

fendant a house and lot for two thousand eight hundred dollars, payable on the first of April, 1827, possession to be given on that day. The contract contained a stipulation, that if either of the parties failed to comply with his agreement, he should pay five hundred dollars.

The plaintiff avers he was willing and ready to deliver the house, but that the defendant refused to receive it. The petition prays judgment for the penalty, and one thousand dollars damages.

The answer states the plaintiff neglected or refused to comply with his agreement; alleges the contract to be usurious, and prays judgment by way of reconvention for $500, the damages which the defendant alleges *he* has sustained.

The case was tried by a jury in the court below, who found a verdict in favour of the plaintiff for five hundred dollars. The court confirmed it, and the defendant failing to obtain a new trial, appealed.

In addition to the grounds of defence disclosed by the answer, the appellant has contended the action must be dismissed because he was not put *in delay* previous to its institution.

Our code declares, that the penalty is for-
feited only, when he who has obligated him-
self, either to deliver, to take, or to do a certain
thing, is *in delay. La. Code,* 2122.

And it further provides, that when by the
terms of the contract, or the operation of law,
the party is not *in delay,* he can only be put in
it by the act of the obligee, who must demand
the performance of the contract by the com-
mencement of a suit—a demand in writing—a
protest by a notary public—or a verbal requisi"
tion in the presence of two witnesses. *La.
Code,* 1905.

Now the evidence on record does not shew
the defendant was put *en demeure* in any of
the modes prescribed by the statute. His let-
ters which were read on the trial merely estab-
lish that after the time for performance had
elapsed, he wrote to the plaintiff thanking him
for his indulgence, and promising to comply
with the contract according to his wishes.—
Such acknowledgments are neither evidence
of the demand the law requires, nor a waiver of
it, and the placing of the defendant *in delay*
being made an indispensable prerequisite to sus-
tain an action ef this kind, the plaintiff cannot
recover. *Code,* 1906.

Eastern Dis.
*April*, 1828.

LLORENTE
*vs.*
GAITRIE.

The counsel has contended that from the form which was given to the agreement the promise to pay the penalty was the principal obligation, and that no demand was necessary. The contract after containing the stipulations of sale, price, &c. concludes thus: "and it is hereby agreed that if any of the contracting parties refuses to fulfil the contract as hereby agreed and understood, that the party refusing so to do, is to pay the other party the sum of five hundred dollars."

We think, on the contrary, that by the terms used, the penalty inserted was not the principal obligation, but a secondary one to inforce the primary obligation. This was evidently the intention of the parties, as it is clearly the legal interpretation of the contract. The 2116, 2117, and 2118 articles of the code which appear to have been taken from these passages in Toullier cited by plaintiff, satisfactorily, we think, sanction this view of the subject. *La Code,* 2116, 2117, & 2118. *Toullier, vol.* 6, *Liv.* 3, *tit.* 3, *sec.* 6, 799, *a* 804.

It is therefore ordered, adjudged, and decreed, that there be judgment against the plaintiff, as in case of non suit, with costs in both courts.